AO 91 (Rev. 11/11)   Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Indiana

| | |
|---|---|
| United States of America<br>v.<br><br>CLIFTON WITHERS<br><br><br>*Defendant(s)* | ) ) ) Case No.<br>)       1:20-mj-0454<br>) ) ) ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __May 19, 2020__ in the county of __Marion__ in the __Southern__ District of __Indiana__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(i) | Possession with Intent to Distribute Heroin |
| 18 U.S.C. § 924(c) | Carrying a Firearm During and in Relation to a Drug Trafficking Crime |
| 18 U.S.C. §§ 922(g)(1), 924(e) | Unlawful Possession of a Firearm by a Convicted Felon |

This criminal complaint is based on these facts:

See attached Affidavit.

☑ Continued on the attached sheet.

 

_Joshua E. Shaughnessy_
*Complainant's signature*

Joshua E. Shaughnessy, TFO, ATF
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by __telephone__ *(reliable electronic means)*

Date: __May 21, 2020__

City and state: __Indianapolis, IN__

_Doris L. Pryor_
Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

## AFFIDAVIT IN SUPPORT OF APPLICATION FOR CRIMINAL COMPLAINT

Your Affiant, Joshua Shaughnessy, being duly sworn, does depose and state:

### Affiant Background and Purpose of Affidavit

1. Your Affiant, Joshua Shaughnessy, is a Task Force Officer (TFO) with the federal Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), a component of the United States Department of Justice (USDOJ), and has served in such capacity since 2014. Your Affiant is assigned to the Indianapolis Group I Field Office and charged with investigating violations of federal firearms, explosives, and arson laws, as well as offenses enumerated in Titles 18 and 26 of the United States Code. Your Affiant is a Detective (Det.) Sergeant (Sgt.) for the Indianapolis Metropolitan Police Department (IMPD) employed with IMPD since August 2001.

2. As a law enforcement officer, your Affiant has participated in federal and state investigations involving homicides, aggravated batteries, serious violent felons, firearms possession and trafficking, drug trafficking, identify theft, robberies, and financial crimes, among other criminal matters. Your Affiant has testified in judicial proceedings and prosecutions for violations of federal and state laws. Your Affiant received their initial training at the IMPD Academy in 2001-2002, and has satisfied the minimum basic training requirements established by rules adopted by the Indiana Law Enforcement Training Board under Indiana Code 5-2-1-9 and described in Indiana Code 35-37-4-5. Your Affiant completed Basic Detective School through the IMPD and attended various criminal investigation trainings in Indiana and through the USDOJ. Your Affiant has received quarterly firearms trainings in the metropolitan Indianapolis area and yearly in-service trainings in Indianapolis.

3. The information set forth in this Affidavit is based upon my participation in this investigation, review of law enforcement reports, discussions with other law enforcement officers involved in the investigation, and my experience and training. This Affidavit does not set forth

every fact your Affiant has learned during this investigation, but rather is provided solely for establishing probable cause in support of the application for a Complaint in this matter. The information contained in the following paragraphs is either personally known to your Affiant or was told to your Affiant by other law enforcement officers.

4. This affidavit is submitted in support of a criminal complaint charging Clifton WITHERS (date of birth XX/XX/1975), with (Count One) Possession with Intent to Distribute Heroin in violation of Title 18, United States Code, Sections 841(a)(1)(a) and 841(b)(1)(B)(i), (Count Two) Carrying a Firearm During and in Relation to a Drug Trafficking Crime in violation of Title 18, United States Code, Section 924(c), and (Counts Three - Thirteen) Unlawful Possession of a Firearm by a Convicted Felon (Armed Career Criminal) in violation of Title 18, United States Code, Sections 922(g)(1) and 924(e). The information contained in the below numbered paragraphs is either personally known to your Affiant or told to your Affiant by other law enforcement officers.

**Facts Supporting Probable Cause**

5. On January 7, 2020, Clifton WITHERS (hereinafter WITHERS) was sentenced and placed on home detention and monitoring by Marion County Community Corrections (MCCC) following a guilty plea conviction, for Dealing in a Narcotic Drug, a Level 2 felony in Marion County (Indiana) under cause number 49G20-1805-F2-015811. Subsequently, MCCC case manager Tyffany McWhorter was assigned to monitor and manage WITHERS' case.

6. On March 10, 2020, MCCC case manager Tyffany McWhorter contacted Detective Goldstein of the Fishers Police Department (FPD) because she was suspicious about WITHERS' recent financial payments to the court. Det. Goldstein is also assigned to the Indianapolis Crime Gun Intelligence Center (CGIC) with other law enforcement officers from Indianapolis

Metropolitan Police Department (IMPD) and federal Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF).  McWhorter advised Det. Goldstein that WITHERS is reportedly unemployed and has stated he is not on any type of government assistance programs.  Based on her training and experience as a case manager, McWhorter found it suspicious WITHERS had paid his court-mandated fees (approximately $2,500) related to his sentencing and GPS monitoring without any visible, legal source of income.

7. McWhorter stated WITHERS had requested permission on several occasions additional time to visit a previously unreported storage unit located at Extra Space Storage (6231 Crawfordsville Road Indianapolis, IN 46224) every other Tuesday.  WITHERS also failed to provide case manager McWhorter the actual unit number to the storage when asked.

8. Through Det. Goldstein's training and experience as a law enforcement officer, he knows individuals involved in Narcotics Dealing and/or Distribution often attempt to obfuscate their financial transactions and/or lack documentation to associate this income to a legal occupation.  Additionally, Det. Goldstein and other law enforcement officers involved in this investigation know it is common for individuals on monitored GPS devices and home detention through Community Corrections, particularly those who remain involved in illegal Narcotics Distribution activity, to store narcotics, currency, and/or illegally possessed firearms outside their reported residence in locations such as storage units.

9. On March 11, 2020, Det. Goldstein went to Extra Space Storage (6231 Crawfordsville Road Indianapolis, IN 46224) and met with the onsite Manager.  The Manager confirmed WITHERS is a current customer of Extra Space Storage and was last at the storage unit the day prior, on March 10, 2020. On March 12, 2020, Det. Goldstein obtained a Marion County subpoena (No. 20-0150) for the following records:

      a. Any/all storage unit numbers rented by WITHERS.

      b. Copy of any/all rental agreements for the storage units rented by WITHERS.

      c. Detailed log of dates/times in which the passcode for WITHERS' storage units were entered via the gate entrance.

      d. Payment records and/or receipts associated with the party paying for the storage unit associated with WITHERS.

10. On March 13, 2020, Det. Goldstein delivered this subpoena to Extra Space Storage and received records which confirmed WITHERS has been renting unit B195 (5x5 storage unit) since February 2019. Det. Goldstein obtained verbal consent from Extra Space Storage management to allow a police canine sniff of storage unit B195. However, the canine sniff was delayed indefinitely due to the COVID-19 pandemic. Later in April 2020, WITHERS contacted case manager McWhorter and requested additional time to visit a second, previously unreported, storage unit located at Public Storage (5151 Pike Plaza Rd. Indianapolis, IN 46254).

11. On May 19, 2020, Det. Goldstein and other CGIC detectives were conducting surveillance on WITHERS and the exterior of the above listed storage units at Extra Space Storage and Public Storage. At approximately 1100 hours, IMPD Captain (Capt.) Michael Bruin observed WITHERS exit his residence (1170 N. Livingston Avenue, Indianapolis, IN) carrying a large black bag, which appeared to be heavy and was approximately the size of a trash bag. WITHERS was observed placing this bag into the back bed of a 2002 Chevy Silverado bearing Indiana license plate #TK210NPX. WITHERS departed his residence in his Silverado and later arrived at Extra Space Storage (6231 Crawfordsville Road) at approximately 1115 hours.

12. WITHERS entered Extra Space Storage and appeared likely to visit his storage unit B195, which is enclosed inside the second floor of a building on the property. Because the unit is

located on the interior of a climate-controlled building, detectives were unable to maintain visual observation of WITHERS inside the storage unit building. However, based on the totality of the circumstances, detectives believed it highly likely WITHERS visited his rented unit B195. Next, WITHERS departed from this location at approximately 1130 hours and traveled to the Public Storage location (5151 Pike Plaza Rd) where he was observed entering unit 562.

13. After WITHERS departed the Public Storage location, Det. Sgt. Gregory Kessie, Det. Christopher Smilko, and Det. Sergio De Leon conducted a traffic stop on WITHERS after observing WITHERS fail to use his turn signal as he exited onto Pike Plaza Road and observing WITHERS repeatedly cross the right lane control marker while driving southbound on Lafayette Road.

14. During the traffic stop, IMPD Officer M. Roa and his canine partner Panda arrived and walked around WITHERS' vehicle. Officer Roa advised he received a positive alert from Panda and a vehicle search was conducted. Although no narcotics or other contraband was located, detectives noticed WITHERS was in possession of a large amount of U.S. currency estimated to be $1,000 to $3,000. Officers also observed a small white square object that was in WITHERS' pocket, which was later identified as a small magnet and/or RFID key used to unlock a hidden compartment. Officers did not locate a black bag of similar size or description that WITHERS was observed carrying when he initially left his residence at 1100 hrs. WITHERS was released from the traffic stop with verbal warnings for the traffic violations.

15. As part of his sentence to MCCC, WITHERS wore a GPS monitor around his right ankle. Following the traffic stop, WITHERS' ankle monitor showed he returned to his residence at 1170 North Livingston Avenue. This is also the same address WITHERS listed as his residence for MCCC.

16. Det. Goldstein returned to the Extra Space Storage where he received another verbal consent from management to bring a police canine onto the property for a unit sniff. Additionally, Det. Goldstein confirmed that WITHERS was still the listed renter of unit B195. IMPD Officer B. Thorla responded to the Extra Space Storage location with his canine partner Mina, who has been trained and certified to detect the odor of marijuana, cocaine, crack cocaine, heroin, MDMA, and methamphetamine. Officer Thorla advised Det. Goldstein and other CGIC detectives he received a positive alert from his K9 partner Mina on unit B195, indicating the likely presence of narcotics.

17. Based upon the circumstances described above, Det. Goldstein and other CGIC Detectives applied for a search warrant for WITHERS' storage unit at Extra Space Storage, number B195, located at 6231 Crawfordsville Road in Marion County, Indianapolis, Indiana. This warrant was signed and granted under cause number 49G08-205-MC-016571.

18. The following evidence was collected by Det. Smilko and photographed by Det. De Leon:

   a. Heat-sealed envelope **(HSE) #1** – TFO Shaughnessy located a large digital scale, in working condition, in a plastic tote. Det. Goldstein knows through his training and experience as police officer that people often use digital scales to weigh narcotics, specifically heroin, prior to distribution.

   b. **HSE #2** – Det. Wogan located a large plastic bottle of lactose in a plastic tote. Det. Goldstein knows through his training and experience as a police officer that individuals who deal narcotics such as heroin will use cutting agents like "Lactose" in order to stretch their product and increase profits.

   c. **HSE #3** – Det. Smilko located a clear plastic bag containing four (4) multi-colored tablets of suspected ecstasy in the large safe.

   d. **HSE #4** – TFO Shaughnessy located three (3) digital scales (two in working condition) with brown powder, suspected heroin, on the balances inside a brown box.

e. **HSE #5** – Det. De Leon located a clear plastic bag containing three (3) large discs of suspected heroin in a black toolbox, which had an affixed lock. The estimated weight of the suspected heroin1 and/or fentanyl is approximately three hundred (300) grams. The suspected heroin was consistent with what investigators know through their knowledge, training, and experience in narcotics detection to be heroin and/or fentanyl by its color, packaging, and consistency.

f. **Item #1**- Det. Smilko located various linking documents in a safe. These documents were Marion County Court documents with WITHERS name on them.

g. **Item #2** – Det. Smilko located a yellow Taser (serial number P3-042664) inside a safe.

h. **Item #3** – TFO Shaughnessy located a black bag containing several boxes of ammunition inside a red cooler. The black bag contained the following:

   i. 6 live 22LR rounds,

   ii. 18 live Aguila 9mm rounds,

   iii. 30 live 22LR rounds,

   iv. 5 live Remington 12 gauge rounds, and

   v. 39 live Winchester .40 caliber rounds

i. **Item #4** – Det. Goldstein located three (3) handgun holsters in a blue tub.

j. **Item #5** – Capt. Bruin located three (3) firearms books in a plastic tote. The general topics of the books included information on how to build firearm suppressors.

k. **Item #6** – Det. Smilko located a black pouch containing two (2) revolver speed loaders containing seven (7) live .38 Special rounds in a safe.

l. **Item #7** – Det. Goldstein located the lock to the storage unit securing the unit, which had been cut off by Manager Canche pursuant to execution of the search warrant.

m. **Item #8** – TFO Shaughnessy located a large metal press in a plastic tub. Through their training and experience as law enforcement officers, Det. Goldstein and other

---

1 The suspected heroin and/or fentanyl was not field tested due to the dangerous nature fentanyl and high risks of inhaling fentanyl particles, which can be extremely harmful to human exposure.

    detectives knew individuals who sell narcotics often use presses such as this one to press their narcotics, specifically heroin, after cutting or diluting their product.

n. **Firearm #1** – Det. Smilko located a LC Smith, 12-gauge double barrel shotgun (serial number 140271) in the storage unit. Det. Smilko is an ATF Firearms Liaison and processed this shotgun for DNA and fingerprints. This shotgun did not have any rounds of ammunition with it.

o. **Firearm #2** – Det. Smilko located a J Steven Arms, 12-gauge double barrel shotgun (unknown serial number) in the storage unit. Det. Smilko is an ATF Firearms Liaison and processed this shotgun for DNA and fingerprints. This shotgun did not have any rounds of ammunition with it.

p. **Firearm #3** – Det. Smilko located a High Standard, model 103, .22 caliber handgun (serial number 1365681) in the storage unit. Det. Smilko is an ATF Firearms Liaison and processed this shotgun for DNA and fingerprints. This handgun had six (6) live .22 caliber rounds in the magazine.

q. **Firearm #4** – Det. Smilko located a Davis Industries, .22 caliber handgun (serial number 519977) in the storage unit. Det. Smilko is an ATF Firearms Liaison and processed this shotgun for DNA and fingerprints. This handgun had two (2) live .22 caliber rounds with it.

r. **Firearm #5** – Det. Smilko located a Springfield, model 15, .22 caliber rifle (unknown serial number) in the storage unit. Due to the condition of this rifle, it was not processed by an ATF Firearms Liaison.

s. **Firearm #6** – Det. Smilko located a Mossberg & Sons, .22 caliber rifle (unknown serial number) in the storage unit. Due to the condition of this rifle, it was not processed by an ATF Firearms Liaison.

t. **Firearm #7** – Det. Smilko located a Mossberg, model 410, 410 shotgun (serial number P924809) in the storage unit. Det. Smilko is an ATF Firearms Liaison and processed this shotgun for DNA and fingerprints. This shotgun had fourteen (14) live 410 rounds of ammunition with it.

u. **Firearm #8** – Det. Smilko located a Bushmaster, .223 caliber rifle (serial number L132356) in the storage unit. Det. De Leon is an ATF Firearms Liaison and processed this rifle for DNA and fingerprints. There were two magazines with this rifle- one magazine contained twenty-seven (27) live .223 caliber rounds, and the other magazine contained thirty (30) live .223 caliber rounds.

      v. **Firearm #9** – Det. Smilko located a Mossberg, model 500, 12-gauge shotgun (serial number R626622) in the storage unit. Det. De Leon is an ATF Firearms Liaison and processed this shotgun for DNA and fingerprints. This shotgun had seven (7) 12-gauge rounds with it.

19. Inside the black toolbox where HSE #5 and Firearms # 3 and 4 were found, Det. Smilko and De Leon discovered a paper titled "SALES RECEIPT". The receipt was dated 12/17/2012 and recorded a sales transaction of a "Smith & Wesson SW9VE 9MM Pistol" with serial number "DWA7637". The buyer was listed as "Clifton Withers." Notably, this firearm was later recovered (Firearm #10) from a hidden compartment at WITHERS' residence.

20. Det. Goldstein and other CGIC detectives recognized these recovered items constituted evidence of WITHERS' continued involvement in the trafficking and/or distribution of illegal narcotics and/or controlled substances, as well as illegal firearm possession due to his prior multiple felony convictions for Dealing in Narcotic Drugs in Marion County, Indiana. Based upon the circumstances described above, Det. Goldstein and other CGIC Detectives applied for additional search warrants for WITHERS' residence (1170 N. Livingston Avenue in Marion County, Indianapolis, IN 46222) and his other storage unit (unit number 562) located at Public Storage (5151 Pike Plaza Road Indianapolis, IN 46224). The search warrant for these locations was signed and granted under Cause No. 49G18-2005-MC-016602.

21. Det. Goldstein and other CGIC Detectives then served the valid search warrant at WITHERS' residence (1170 N. Livingston Ave). Upon execution, IMPD officers and detectives announced their presence and ordered the occupants of the residence to exit the residence. Another male subject ("MF") walked outside. MF was briefly detained, and then released a short time later. Officers determined MF appeared to be at the residence doing legitimate construction work and did not appear to be involved in WITHERS' criminal activity.

22. WITHERS then walked outside the front door and was detained without incident. Det. Goldstein read the search warrant(s) to WITHERS. Det. Goldstein also read WITHERS his *Miranda* rights verbatim from a pre-printed card. WITHERS exercised his rights and requested to speak with his attorney. No further interview was conducted.

23. During the execution of the search warrant at WITHERS' residence, CGIC Detectives located several hidden compartments and/or "traps". At least two concealed compartments were built into furniture inside WITHERS' downstairs bedroom. WITHERS' bedroom appeared to be the only room in the residence with significant personal belongings. Other rooms appeared to be in a state of remodeling and were generally cleared of everything except construction supplies.

24. In WITHERS' room, detectives observed a night stand and noted the top appeared to be slightly ajar, which revealed a hidden compartment underneath. When the top was slid shut, the compartment was hidden from view. Detectives determined it could only be unlocked with the white magnet/device found in WITHERS' pocket. Det. Smilko also located a hidden drawer under a television stand in WITHERS' bedroom.

25. The following evidence was collected by Det. Smilko and photographed by Det. De Leon:

   a. Heat Sealed Envelope **(HSE) #6** – Det. Smilko located a digital scale in working condition with suspected heroin residue on the balance inside a hidden compartment in the top of a nightstand in WITHERS' downstairs bedroom.

   b. **Item #8** – Det. Smilko located a black Alcatel flip phone in the downstairs bedroom.

   c. **Item #9** – Det. Smilko located a black and silver Kyocera flip phone on a table in the downstairs bedroom.

   d. **Item #10** – Det. Smilko located a black Apple iPhone on the kitchen table.

    e. **Item #11** – Det. Smilko located a white Apple iPad in the downstairs bedroom on a nightstand.

    f. **Item #12** – Det. Goldstein located a silver and black Apple watch on WITHERS' left wrist.

    g. **Item #13** – Lieutenant (Lt.) Edward Bruce located a black Zosi DVR (serial number ASJ19111901286) in the upstairs southwest bedroom.

    h. **Item #14** – Det. Goldstein located storage unit key(s) in the right front pocket of WITHERS' pants. The key(s) were later confirmed to unlock the disc-style lock, which secured storage unit B195 and recovered as Item #7.

    i. **Item #15** – Det. Smilko located linking documents in a hidden compartment of a nightstand of the downstairs bedroom.

    j. **Item #16** – Det. Smilko located a set of keys in the hidden compartment of a nightstand in the downstairs bedroom.

    k. **Firearm #10** – Det. Smilko located a Smith & Wesson, model SW9VE, 9mm handgun (serial number DWA7637) in a hidden compartment under the television stand in the downstairs bedroom. Det. De Leon an ATF Firearms Liaison processed this handgun for DNA and fingerprints. This handgun had ten (10) live 9mm rounds in the magazine.

26. The following U.S. currency ($10,803 total) was located at WITHERS' residence:

    i. Det. Smilko located a bundle of fifty (50) $100 bills in a hidden compartment of furniture in WITHERS' downstairs bedroom.

    ii. Det. Smilko located another bundle of fifty (50) $100 bills in a hidden compartment of furniture in WITHERS' downstairs bedroom.

    iii. Det. Goldstein located one (1) $100 bill, six (6) $50 bills, twenty (20) $20 bills, and three (3) $1.00 bills inside WITHERS' front right pants pocket.

27. Through their training and experience as law enforcement officers, Det. Goldstein and other CGIC detectives understand individuals engaged in illegal narcotics dealing and/or

distribution are often paid in differing denominations depending on how much narcotics they sell. Det. Goldstein also knows narcotics dealers may keep their proceeds of illegal narcotics dealing hidden in different areas of their residence in order to deter individuals wishing to rob them. Det. Goldstein believes the money recovered from the residence are proceeds of illegal narcotics activity. This money was seized and transported to the property room pending forfeiture proceedings.

28. A set of keys for a Dodge Charger vehicle was located by Det. Smilko in the hidden compartment of the table in WITHERS' downstairs bedroom. These keys belonged to a black 2013 Dodge Charger, Indiana license plate number 759RKC, VIN# 2C3CDXAT1DH686655, which detectives observed parked in the driveway of WITHERS' residence at 1170 N. Livingston Avenue.

29. Based upon the circumstances described above, Det. Wogan applied for a search warrant for the Dodge Charger described above. This warrant was signed and granted under cause number 49G02-2005-MC-016605. Pursuant to this search warrant, the following items were located inside the Dodge Charger, and photographed and collected by Det. Wogan:

   a. Heat Sealed Envelope **(HSE) #7** – Det. Antonelli located three (3) clear plastic bags containing suspected heroin inside a hidden compartment of a toolbox located in the trunk. The total weight of the suspected heroin is approximately fifty (50) grams.

   b. **HSE #8** – Det. Antonelli located a portion of a metal press with suspected heroin residue on it in a black backpack in the trunk of the vehicle.

   c. **HSE #9** – Det. Wogan located two (2) digital scales, one in working condition, with suspected heroin residue on the balance in the front pocket of a black backpack in the trunk of the vehicle.

   d. **Item #17** – Det. Antonelli located an IPL bill with WITHERS' name on it in the glove box of the vehicle.

    e. **Item #18** – Det. Antonelli located a black Adidas backpack containing a metal press in the trunk of the vehicle.

    f. **Item #19** – Det. Antonelli located a red bag containing three (3) small Pelican cases with magnets on them. Det. Antonelli and other detectives recognized these items to be commonly used to hide money, narcotics, and/or other items.

    g. **Item #20** – Det. Antonelli located a brown Calvin Klein bag containing pieces to a metal press in the trunk of the vehicle.

    h. **Item #21** – Det. Antonelli located a black toolbox with a false bottom in the trunk of the vehicle.

30. As the search warrants were executed at WITHERS' residence, other CGIC Detectives executed the search warrant at WITHERS' other storage unit (number 562) located at Public Storage (5151 Pike Plaza Road Indianapolis, IN 46224). At this location, the following evidence was collected by Det. Christopher Cooper and photographed by Det. David Williams:

    a. Heat Sealed Envelope **(HSE) #10** – Det. Sgt. Kessie located a Pyrex glass container and magic bullet containers on the 3rd shelf of a black storage rack inside a bucket.

    b. **Item #22** – Det. Williams located a Blu Smart Heatsealer with a heat seal bag on the 3rd shelf of a black storage rack inside a bucket.

    c. **Item #23** – Det. Sgt. Kessie located a set of keys inside an oak colored nightstand.

    d. **Item #24** – Det. Cooper located a storage unit lock securing the storage unit.

31. WITHERS' 2002 Chevy Silverado bearing Indiana license plate number TK210NPX was located in the driveway his residence. Given the circumstances described above, it was determined WITHERS' vehicle would be seized pending asset forfeiture review, and was towed from the scene. WITHERS was placed under arrest on state firearms and narcotics-related charges, and transported to the Marion County jail for processing. Det. Wogan transported all the evidence to the IMPD Property Room to be held as evidence and for safekeeping.

32. At the time that WITHERS possessed the (firearm #1) LC Smith, 12-gauge double barrel shotgun, (firearm #2) J Steven Arms, 12-gauge double barrel shotgun, (firearm #3) High Standard, model 103, .22 caliber handgun, (firearm #4) Davis Industries, .22 caliber handgun, (firearm #5) Springfield, model 15, .22 caliber rifle, (firearm #6) Mossberg & Sons, .22 caliber rifle, (firearm #7) Mossberg, model 410, 410 shotgun, (firearm #8) Bushmaster, .223 caliber rifle, (firearm #9) Mossberg, model 500, 12-gauge shotgun, (firearm #10) Smith & Wesson, model SW9VE, 9mm handgun, WITHERS knew that he had been previously convicted of a crime punishable by more than one year of imprisonment.

33. The firearms described above were not manufactured in the State of Indiana. By virtue of their presence in the State of Indiana, therefore, the firearms had to have been transported or shipped in interstate or foreign commerce.

34. WITHERS has knowingly sustained the following six (6) convictions for crimes punishable by more than one year of imprisonment:

   a. Dealing in a Narcotic Drug, a Level 2 felony in Marion County (Indiana) under cause number 49G20-1805-F2-015811, on or about January 7, 2020; and/or

   b. Dealing in Cocaine or a Narcotic Drug, a Class A felony in Marion County (Indiana) under cause number 49G20-0501-FA-012555 on or about July 7, 2005; and/or

   c. Promoting Animal Fighting, a Class D felony in Marion County (Indiana) under cause number 49G20-0411-FD-211736, on or about July 7, 2005; and/or

   d. Dealing in Cocaine or a Narcotic Drug, a Class A felony in Marion County (Indiana) under cause number 49G20-0403-FA-043824, on or about July 7, 2005; and/or

   e. Possession of Cocaine, a Class B felony in Marion County (Indiana) under cause number 49G01-9707-CF-110177, on or about October 24, 2000; and/or

   f. Possession of a Narcotic Drug, a Class C Felony in Marion County (Indiana) under cause number 49G01-9707-CF-110177 on or about October 24, 2000.

35.     All events occurred in Marion County, Indianapolis, Indiana.

## Conclusion and Request

36.     Based on the facts set forth in this Affidavit, your Affiant submits probable cause exists that on or about May 19, 2020, in the Southern District of Indiana, Cliffton WITHERS, having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess firearm(s), ammunition, and/or controlled substances and violate the following federal criminal laws: **(Count One)** Possession with Intent to Distribute Heroin in violation of Title 18, United States Code, Sections 841(a)(1)(a) and 841(b)(1)(B)(i), **(Count Two)** Carrying a Firearm During and in Relation to a Drug Trafficking Crime in violation of Title 18, United States Code, Section 924(c), and **(Counts Three - Thirteen)** Unlawful Possession of a Firearm by a Convicted Felon (Armed Career Criminal) in violation of Title 18, United States Code, Sections 922(g)(1) and 924(e). Accordingly, your Affiant requests this Court issue a Criminal Complaint charging WITHERS with these crimes, along with a warrant for his arrest.

Respectfully submitted,

/s/*Joshua E. Shaughnessy*
Joshua E. Shaughnessy, Task Force Officer
Bureau of Alcohol, Tobacco, Firearms, and Explosives

Attested to by the applicant in accordance with the requirements of Federal Rules of Criminal Procedure 4.1 and 41(d)(3) by telephone.

Date: 5/21/2020

Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana